**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.**

MARK MESSINA and
BERNARD MCDONALD,

    Plaintiffs,

vs.

CITY OF FORT LAUDERDALE,
FLORIDA, a Florida municipal corporation,

    Defendant.

_____

**VERIFIED COMPLAINT FOR DECLARATORY**
**AND INJUNCTIVE RELIEF AND DAMAGES**

The Plaintiffs, Mark Messina and Bernard McDonald, sue the Defendant, City of Fort Lauderdale, Florida (City), alleging as follows:

**PRELIMINARY STATEMENT**

1. Under City of Fort Lauderdale ordinances, standing on public sidewalks and requesting donations from people is banned in large portions of the City, especially in the busy downtown core. For instance, this activity is banned in all public parks, parking lots, and transportation centers; and within 15 feet of any sidewalk café, ATM, or entrance or exit to a commercial or governmental building. The City also prohibits asking for donations or offering items for sale to cars along certain roads and prohibits it along *all* city roads if holding or using a sign. All of these actions are punishable by up to 60 days in jail. In the last two years, over one hundred people have been arrested or cited for violating these ordinances.

1

2. However, a person seeking to engage in other forms of speech—such as asking for votes, encouraging people to join a church, or requesting signatures on a petition—may do so without fear of arrest. Because the ordinances single out certain forms of speech, they are content-based and subject to strict scrutiny. Because they are not narrowly tailored to any compelling government interest, nor are they the least restrictive means of advancing any governmental interest, they are an unconstitutional restriction of free speech.

3. Plaintiffs Mark Messina and Bernard McDonald are individuals of limited means who engage in panhandling within the City, a First Amendment protected activity. As the result of the City's adoption and enforcement of Sections 16-82 and 25-267 of the Fort Lauderdale Code of Ordinances (hereinafter "City Code"), Plaintiffs have been hindered in the exercise of their First Amendment rights, face a continuing threat of arrest for their panhandling activities constituting First Amendment protected expression, and have suffered damages.

4. Plaintiffs bring this action for declaratory and injunctive relief and damages pursuant to 42 U.S.C. § 1983 for past and ongoing injury to their rights guaranteed by the First Amendment of the U.S. Constitution.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. §1391(b). The parties are located in this District and all of the acts and omissions complained of herein occurred and will continue to occur in the Southern District of Florida.

## **PARTIES**

7. Plaintiff Mark Messina is a lifelong resident of Broward County. Mr. Messina was formerly homeless and spent nearly the last year in a shelter in Fort Lauderdale. With the assistance of the Broward Homeless Center, Mr. Messina recently moved into an apartment in Fort Lauderdale. Mr. Messina receives food stamps but does not have enough income to pay for monthly expenses and must request donations from others to contribute to his survival.

8. Plaintiff Bernard McDonald is a life-long resident of Broward County. Mr. McDonald is without permanent housing and is unable to find steady employment. To contribute to his survival, he must request donations from others.

9. Defendant City of Fort Lauderdale is a municipal entity organized under the laws of the State of Florida, with the capacity to sue and be sued.

10. The City of Fort Lauderdale City Commission sets final policy on the creation and adoption of City ordinances.

11. The City is the legal entity responsible for the police department known as the City of Fort Lauderdale Police Department (FLPD).

12. The FLPD is authorized to enforce City ordinances.

13. Sections 16-82 and 25-267 of the City Code are official policies of the City.

14. The City is sued for injunctive and declaratory relief and damages on the basis of acts of officials, officers, agents and employees of the City and FLPD, which were taken pursuant to official policy, practice and/or custom.

15. At all times relevant herein, the officials, officers, agents, and employees of FLPD and the City were acting under color of state law.

## FACTUAL ALLEGATIONS

**Section 16-82**

16. On May 1, 2012, the City Commission enacted Ordinance No. C-12-10, which was later codified as Section 16-82 of the City Code, captioned "Panhandling, begging or solicitation."

17. Section 16-82(a) defines "panhandling" as "[a]ny solicitation made in person requesting an immediate donation of money or other thing of value for oneself or another person or entity."

18. Section 16-82(b) forbids panhandling at bus stops and public transportation facilities; in public transportation vehicles; at parking lots, parking garages, and parking pay stations owned or operated by the City; in parks owned or operated by the City; within 15 feet of a sidewalk café, automatic teller machine, or an entrance or exit of a commercial or governmental building; and on all private property, unless the property owner has given permission.

19. Section 16-82(a) defines "aggressive panhandling, begging or solicitation" to include "[r]equesting money or something else of value after the person solicited has given a negative response to the initial request." Section 16-82(a) also defines "aggressive panhandling, begging or solicitation" to include blocking a person's passage, touching a person without permission, or engaging in conduct threatening another with "imminent bodily injury" or "commission of a criminal act" or intended to force compliance with demands.

20. Section 16-82(c) forbids "aggressive panhandling" anywhere in the City.

21. Section 16-82(d) provides that the penalties for violation shall be as set forth in Section 1-6 of the City Code, which provides for a fine not to exceed five hundred dollars

($500.00), a term of imprisonment not to exceed sixty (60) days, or both a fine and imprisonment.

**<u>Section 25-267</u>**

22. On September 16, 2014, the City Commission enacted Ordinance No. C-14-38, which was later codified as Section 25-267, Fort Lauderdale Code of Ordinances, captioned "Right-of-way solicitors and canvassers."

23. Section 25-267(a) defines "right-of-way canvasser or solicitor" as "any person who sells or offers for sale anything or service of any kind, or advertises for sale anything or service of any kind, or who seeks any donation of any kind, or who personally hands to or seeks to transmit by hand or receive by hand anything or service of any kind, whether or not payment in exchange is required or requested, to any person who operates or occupies a motor vehicle of any kind, which vehicle is engaged in travel on or within any portion of any of the streets or roadways in the City, whether or not such vehicle is temporarily stopped in the travel lanes of the road."

24. Section 25-267(a) adopts the definition of "right-of-way" found in Section 25-97 of the City Code, where "rights-of-way" are defined as "surface and space above and below any real property in which the City has an interest in law or equity, whether held in fee, or other estate or interest, or as a trustee for the public, including, but not limited to any public street, boulevard, road, highway, freeway, lane, alley, court, sidewalk, or bridge."

25. Section 25-267(b) provides that "[i]t shall be unlawful for any person to act as a right-of-way canvasser or solicitor on any portion of a public right-of-way with a functional classification of arterial on the Broward County Highway Functional Classifications Map and a

Broward County Metropolitan Planning Organization Roadway 2012 Peak Level of Service (LOS) designation of D, E or F."

26. Section 25-267(d) provides that "[i]t is a violation of this section for any right-of-way canvasser or solicitor to hold, carry, possess or use any sign or other device of any kind, within any portion of the public right-of-way."

27. Thus, under Section 25-267(b) it is unlawful to be a canvasser or solicitor on City roads with certain classifications, whereas under Section 25-267(d) it is illegal to be a canvasser or solicitor on *all* roads in the City if the solicitation or canvassing involves use of a sign.

28. Section 25-267(f) provides that the penalties for violation shall be as set forth in Section 1-6 of the City Code, which provides for a fine not to exceed five hundred dollars ($500.00), a term of imprisonment not to exceed sixty days (60), or both a fine and imprisonment.

**Enforcement of the Ordinances**

29. Sections 16-82 and 25-267 of the Fort Lauderdale City Code have been enforced predominantly against people who were soliciting for donations in public places.

30. On August 30, 2018, numerous civil rights organizations notified the City in a letter that Sections 16-82 and 25-267 were unconstitutional content-based restrictions on speech and requested that the City cease enforcement, repeal the ordinances, and develop constructive approaches to the issues of homelessness and poverty.

31. The City, however, did not respond to the letter.

32. Instead, the City has persisted in enforcing the ordinances and continues to arrest and cite people for asking for donations.

33. Since the beginning of 2018 to the present date, over 100 people—virtually all of whom were soliciting for donations—were either arrested and taken to jail or cited with a notice to appear in court for a violation of the Ordinances.

**Plaintiff Mark Messina**

34. Plaintiff Mark Messina is fifty-four years old. Previously, he worked steadily in construction and was able to support himself. Because of a series of chronic health problems, he is no longer able to do work involving construction projects and cannot find full-time employment.

35. Because he receives little financial assistance and has no other source of income, Mr. Messina must peacefully request donations from others to contribute to his survival.

36. Mr. Messina solicits for donations in the City of Fort Lauderdale at a number of different locations. Mr. Messina will typically stand on city sidewalks near commercial areas and outdoor cafes and ask pedestrians for donations, or he will stand on a sidewalk, median, swale, or the edge/shoulder of streets and roadways to ask for donations from people in cars who are stopped in traffic on city streets and roadways.

37. When he solicits for donations he typically holds a sign which states, "Jesus loves even me." He uses the sign as an expression of his faith to draw attention from others so that they will consider helping him out with a donation. Or, he will sometimes approach people and hand them a pamphlet which explains how others can achieve salvation through a belief in Jesus Christ, with the hope that the person will give back to him a donation.

38. When Mr. Messina panhandles in the City, he is regularly harassed by FLPD officers who will drive up to where he is standing and yell at him to leave the area immediately

and warn him that if they see him again, they will arrest him.  They also drive up and honk a buzzer at him and flash their squad car lights and motion for to him to leave the area.

39. Mr. Messina has witnessed the City police harass and arrest others on the streets of Fort Lauderdale for panhandling.

40. Mr. Messina currently panhandles in Fort Lauderdale no more than a couple times per week.  He wants to panhandle more in the City but does not do so more frequently because he fears being arrested under the City Ordinances and taken to jail.  Because he has been deterred from panhandling more, he has not been able obtain donations that he would otherwise receive if he panhandled more frequently.  Further, the constant threat of arrest and the actions of the officers has been humiliating and taxing, causing him emotional and mental distress.

41. The ongoing threat of arrest has had a chilling effect on Mr. Messina's exercise of his First Amendment rights in the City of Fort Lauderdale. Consequently, Mr. Messina has suffered and continues to suffer damages and harm for the violation of his constitutional rights under the First Amendment.

**Plaintiff Bernard McDonald**

42. Plaintiff Bernard McDonald is fifty-five years old.  He cannot find full time work and performs odd jobs and light construction work when it is available.  Because of chronic back pain and other disabilities, Mr. McDonald's ability to do physical labor is increasingly limited.

43. To help support himself, Mr. McDonald engages in peaceful panhandling at numerous locations in Fort Lauderdale.  He stands on either the sidewalk adjacent the street, or on a median, or on the edge/shoulder of a city street and displays a sign that states, "Homeless, please help me if you can."

44. Mr. McDonald has been repeatedly harassed by the Fort Lauderdale police while panhandling. The police typically drive up to where he is panhandling and warn him that if he doesn't stop and leave the area, they will be arrest him and take him to jail.

45. Mr. McDonald wants to panhandle more in the City of Fort Lauderdale but does not because he is afraid of being arrested. Because he has been deterred from panhandling more, he has not able obtain donations that he otherwise would receive, and is constantly struggling to survive. He has also suffered mental and emotional distress from the constant threat and fear of arrest.

46. The ongoing threat of arrest has had a chilling effect on Mr. McDonald's exercise of his First Amendment rights in the City of Fort Lauderdale. Consequently, Mr. McDonald has suffered and continues to suffer damages and harm for the violation of his constitutional rights under the First Amendment.

## CAUSES OF ACTION

### COUNT I - FIRST AMENDMENT - FREEDOM OF SPEECH
Section 16-82/Ordinance No. C-12-10

47. Plaintiffs reallege and incorporate the allegations in Paragraphs 1 through 46 as if set forth herein.

48. At all times relevant hereto, the Fort Lauderdale City Commission was the final policymaker for the City of Fort Lauderdale for the purpose of adopting ordinances regulating constitutionally protected speech, expressive conduct, and assembly within the boundaries of the City.

49. Requests for donations are recognized as speech entitled to First Amendment protection.

50. Fort Lauderdale Code Section 16-82 (Ordinance No. C-12-10) is a content-based restriction on speech, as it singles out one subject area of speech - requests for donations - for different treatment than speech on other subject matter.

51. As a content-based regulation, Section 16-82 is subject to strict scrutiny, requiring the City to show that this regulation is narrowly tailored to serve a compelling government interest and is the least restrictive means of serving that interest, to establish its constitutionality.

52. Section 16-82 is not narrowly tailored to, and is not the least restrictive means of serving, any compelling government interest, and is therefore unconstitutional under the First Amendment.

53. Should Section 16-82 be construed as content-neutral rather than content-based, this regulation is nonetheless unconstitutional because it is not a reasonable time, place, and manner restriction, in that it is not narrowly tailored to serve a significant governmental interest, and it does not leave open ample alternative channels of communication.

54. The City's adoption and ongoing enforcement of Section 16-82 have proximately caused the deprivation of the First Amendment rights of the Plaintiffs.

## COUNT II - FIRST AMENDMENT - FREEDOM OF SPEECH
### Section 25-267/Ordinance No. C-14-38

55. Plaintiffs reallege and incorporate the allegations in Paragraphs 1 through 46 as if set forth herein.

56. At all times relevant hereto, the Fort Lauderdale City Commission was the final policymaker for the City of Fort Lauderdale for the purpose of adopting ordinances regulating constitutionally protected speech, expressive conduct, and assembly within the boundaries of the City.

57. Requests for donations are recognized as speech entitled to First Amendment protection.

58. The City's streets and sidewalks are traditional public fora that hold a special position in terms of First Amendment protection because of their historic role as places of discussion and debate.

59. Fort Lauderdale Code Section 25-267 (Ordinance No. C-14-38) is a content-based restriction on speech, as it singles out one subject area of speech - requests for donations - for different treatment than speech on other subject matter.

60. As a content-based regulation, Section 25-267 is subject to strict scrutiny, requiring the City to show that this regulation is narrowly tailored to serve a compelling government interest, and is the least restrictive means of serving that interest, to establish its constitutionality.

61. Section 25-267 is unconstitutional because it is a content-based restriction on speech that is not narrowly tailored to serve compelling state interests, nor is it the least restrictive means of serving any compelling government interest.

62. Should Section 25-267 be construed as content-neutral rather than content-based, this regulation is nonetheless unconstitutional because it is not a reasonable time, place, and manner restriction, in that it is not narrowly tailored to serve a significant governmental interest, and it does not leave open ample alternative channels of communication.

63. The City's adoption and ongoing enforcement of Section 25-267 have proximately caused the deprivation of the First Amendment rights of the Plaintiffs.

## **REQUEST FOR RELIEF - ALL COUNTS**

**WHEREFORE**, Plaintiffs respectfully request and seek the following relief:

A. A declaration that Sections 16-82 and 25-267 of the City Code violate the First Amendment of the U.S. Constitution facially and as applied to Plaintiffs;

B. A preliminary and permanent injunction prohibiting the City from enforcing Section 16-82 and 25-267 of the City Code;

C. All damages permitted by law;

D. Attorneys' fees and costs; and

E. Any other relief that is just and proper.

### Jury Demand

Plaintiffs demand trial by jury on all counts alleged above.

Respectfully submitted,

Dante P. Trevisani
Florida Bar No. 72912
E-mail: *DTrevisani@FloridaJusticeInstitute.org*
Ray Taseff
Florida Bar No. 352500
E-mail: *RTaseff@FloridaJusticeInstitute.org*
Florida Justice Institute, Inc.
100 S.E. 2nd Street
3750 Miami Tower
Miami, Florida 33131-2309
305-358-2081
305-358-0910 (Fax)

By: *s/Ray Taseff*
　　　Ray Taseff

Mara Shlackman
Florida Bar No. 988618
Email: mara@shlackmanlaw.com
Law Offices of Mara Shlackman, P.L
757 SE 17th Street; PMB 309
Fort Lauderdale, Florida 33316
954-523-1131
954-206-0593

        F.J. McLawrence
        Florida Bar No. 624527
        Email: info@mclawrencelaw.com
        The McLawrence Law Firm
        633 S. Federal Highway; Ste. 200-B
        Fort Lauderdale, Florida 33301
        954-318-1376
        954-616-0566

        **Attorneys for the Plaintiffs**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**

| | |
|---|---|
| MARK MESSINA and<br>BERNARD McDONALD,<br><br>   Plaintiffs,<br><br>vs.<br><br>CITY OF FORT LAUDERDALE,<br>FLORIDA, a Florida municipal<br>corporation,<br><br>   Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF MARK MESSINA**

     I, Mark Messina, make this Declaration Under Penalty of Perjury, and declare that the statements below are true, and state:

     My name is Mark Messina. I have reviewed the Verified Complaint above, and state that the facts which pertain to me are true and accurate to the best of my knowledge and belief.

     I understand that a false statement in this declaration will subject me to penalties for perjury.

     I declare under penalty of perjury that the foregoing is true and correct.


*/s/ Mark Messina*_____                   Date: December 23, 2020
Mark Messina

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**

| | |
|---|---|
| MARK MESSINA and BERNARD McDONALD, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FORT LAUDERDALE, FLORIDA, a Florida municipal corporation, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. ) ) ) ) ) ) ) |

## DECLARATION OF BERNARD MCDONALD

I, Bernard McDonald, make this Declaration Under Penalty of Perjury, and declare that the statements below are true, and state:

My name is Bernard McDonald. I have reviewed the Verified Complaint above, and state that the facts which pertain to me are true and accurate to the best of my knowledge and belief.

I understand that a false statement in this declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Bernard McDonald*_____         Dated: December 23, 2020
Bernard McDonald