UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-60168-ALTMAN/Hunt

**MARK MESSINA,** *et al.*,

    *Plaintiffs*,

v.

**CITY OF FORT LAUDERDALE, FLORIDA**
*a Florida municipal corporation*,

    *Defendant*.

_____/

## ORDER

The Court set a hearing for April 8, 2021, *see* Order Scheduling Hearing [ECF No. 25], on *both* the Plaintiffs' Motion for Preliminary Injunction ("Preliminary Injunction Motion") [ECF No. 5] *and* the Defendant's Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss") [ECF No. 12], which are both fully briefed and ripe for adjudication.

Accordingly, the Court hereby **ORDERS and ADJUDGES** that, by **April 5, 2021**, the Parties shall file a Joint Notice with the Court, indicating whether the Parties intend to present evidence on either the Preliminary Injunction Motion or the Motion to Dismiss (or both).[1] If the Parties intend to

---

[1]     The party invoking federal jurisdiction bears the burden of proving standing, each element of which "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561(1992). When standing is an issue on a motion to dismiss, for example, general factual allegations will typically suffice. *See id.* at 561. At the summary judgment stage, by contrast, the plaintiff must "'set forth' by affidavit or other evidence 'specific facts,' . . . which for purposes of the summary judgment motion will be taken to be true." *Id.*; *see also Wilson v. State Bar of Georgia*, 132 F.3d 1422, 1427 (11th Cir. 1998).

    The Eleventh Circuit has declined "to impose a standing burden beyond the sufficiency of the allegations of the pleadings" on a plaintiff seeking a preliminary injunction, "unless the defendant puts the plaintiff on notice that standing is contested." *Id.* Where the plaintiff is not on notice, the court has explained, "the plaintiffs' standing should be judged on the sufficiency of the allegations of the complaint, with any preliminary hearing evidence favorable to the plaintiffs on standing treated as additional allegations of the complaint." *Id.* But the Eleventh Circuit has not yet told us how much

present evidence, they shall indicate (1) how much time they will need, (2) how many witnesses they intend to call, and (3) how many exhibits they intend to introduce.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of March 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

evidence a plaintiff must adduce when, as here, the defendant *has* challenged standing at the preliminary-injunction stage. *See Church v. City of Huntsville*, 30 F.3d 1332, 1336 n.1 (11th Cir. 1994) ("We leave for another day a determination of the degree of evidence necessary to support standing at the preliminary injunction stage when the plaintiff is on notice that standing is contested."); *see also Friedenberg v. Sch. Bd. of Palm Beach Cty.*, 257 F. Supp. 3d 1295, 1304 (S.D. Fla. 2017), *aff'd*, 911 F.3d 1084 (11th Cir. 2018) (noting that the Eleventh Circuit has not yet resolved this issue).