UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 21-CV-60168-RKA

MARK MESSINA and
BERNARD MCDONALD,

      Plaintiff,

vs.

CITY OF FORT LAUDERDALE,
FLORIDA, a Florida municipal corporation,

      Defendant.

_____/

## DEFENDANT CITY'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The Defendant City of Fort Lauderdale ("City"), by and through its undersigned attorneys and pursuant to the Court's order (DE 30 at p. 1)submits its supplemental response to Plaintiff's Motion for Preliminary Injunction (DE 5) and states as follows:

### §25-267 is a Valid Content Neutral Time Place Manner Restriction on Commercial Speech

Plaintiff's Supplemental Memorandum concedes that at least a portion of §25-267 is a content neutral restriction subject to intermediate scrutiny (DE 32 at p.2). In prohibiting persons from handing or attempting to hand or receive anything from the occupants of a motor vehicle engaged in traffic on certain designated roadway segments, the City does not impose any restriction on speech based upon its content and its incidental impact on speech should be reviewed pursuant to the intermediate scrutiny standard. Under this standard, the subject regulation is constitutional where it is narrowly tailored to further a significant government interest and leaves open ample alternative channels of communication. *Smith v. City of Fort*

*Lauderdale*, 177 F.3d 954, 956 (11th Cir. 1999).

Plaintiff's supplemental memorandum does not assert that the regulation fails to further a significant government interest, or that often ample alternative channels of communication do not exist.  Instead, Plaintiff's make the singular argument that the regulation is not narrowly tailored to further the government's interest and that the City could have used less restrictive means to accomplish its goals.  Plaintiff's base this argument on the erroneous premise that "[t]he provision bans *all* roadside exchanges in Fort Lauderdale on *all* roadways with a functional classification of arterial, regardless of whether the interactions either cause safety issues or obstruct traffic." (DE 32 at p. 3)  Contrary to Plaintiff's assertion, the right-of-way solicitor prohibition contained in §25-267 do not apply to *all* arterial roadways within the City, and instead is limited to those arterial roadways which are over capacity and have a level of service (LOS) classification of D, E or F.  The designated roadways are depicted on a color coded map which is attached to the ordinance. (DE 5-3)  Plaintiff's supplemental memorandum mischaracterizes the scope of the restriction.

As set forth in the ordinance (DE 5-3) which established §25-267, the regulation seeks to further the City's interest in traffic safety, including the safety of pedestrians and motorists using the designated roadways, and preventing delays and interference with the flow of traffic on the roadway segments.  The regulation is limited to roadways which are large in size (arterials) and which are heavily travelled and operating beyond their capacity. (LOS D, E and F)  The regulation operates under the premise that the City's interests can best be served by applying the solicitor prohibition to arterial roadways which have numerous lanes for vehicular traffic (some cases 10 or more lanes), and which are heavily travelled (LOS D, E and F), thereby making the

2

roadway segments more dangerous to pedestrians and motorists alike.  Similarly, prohibiting solicitors from interacting with motorists engaged in travel, either from a median, sidewalk or the roadway itself, furthers the City's interest in trying to maintain or improve traffic flow on these overcapacity and heavily travelled roadway segments.  Finally, in limiting the regulation to the overcapacity arterial roadway segments, all non-arterial City roadways and all arterial roadway segments which are not over capacity (LOS A, B or C) are available for use by solicitors who seek to receive or exchange things with the occupants of motor vehicles engaged in traffic.

The City of Fort Lauderdale has approximately 500 miles of streets and approximately 325 miles of sidewalk. *See* City of Fort Lauderdale Complete Streets Manual at page 6.  As depicted on the color coded map which is part of the record (DE 5-3), All of the yellow colored arterial roadways depicted on the map operate at a LOS C and are not subject to the prohibitions set forth in Section 25-267.   Similarly, all of the other non-arterial roadways of the City are not subject to the prohibition.   Instead, the prohibitions of §25-267 are limited to all of interstate 95 and portions of Commercial Boulevard, Oakland Park Boulevard, Sunrise Boulevard, Andrews Avenue, Broward Boulevard, Las Olas Boulevard, S.E. 17th Street and State Road 84.

The provision at issue in this case was analyzed and upheld in *Cosac Foundation, Inc. v. City of Pembroke Pines*, 2013 WL 5345817 (S.D. Fla. 2013).   In *Cosac*, the court rejected the argument that an identical regulation which applied to six roadways within the City of Pembroke Pines was not narrowly tailored and stated:

> The City made what the Court finds was a reasoned determination that canvassing and soliciting on these few roadways creates a significant risk of traffic flow problems and accidents.  Without second-guessing that judgment, which lies well within the City's discretion, the Court cannot conclude that banning canvassing and soliciting on the six roadways burdens substantially more speech

3

than is necessary to further the government's legitimate interest.
*19. (internal quotes and citations omitted).

As set forth by Judge Marcus in *Pine v. City of West Palm Beach*, 762 F.3d 1262, 1270 (11th Cir.

2014):

> Since *Ward*, however, the Supreme Court has applied a less
> strenuous test: "So long as the means chosen are not substantially
> broader than necessary to achieve the government's interest,…
> the regulation will not be invalid simply because a court
> concludes that the government's interest could be adequately
> served by some less-speech-restrictive alternative." 491 U.S. at
> 800, 109 S.Ct. 2746.  Indeed, in its recent decision in *McCullen*,
> the Supreme Court applied the *Ward* standard by asking whether a
> regulation was substantially more burdensome than necessary.
> See *McCullen*, 134 S.Ct. at 2537.

Plaintiff's supplemental memorandum essentially argues that §25-267 should be limited to

instances where a solicitor enters a roadway and physically prevents traffic from moving. (DE 32

at p.5).  However, the presence of solicitors interacting with and attempting to interact with

motorists engaged in travel impairs the free flow of traffic and creates safety problems for

pedestrians and motorists alike.   For example, a passing motorist may stop their vehicle in order

to exchange something with a solicitor who is standing on the median or sidewalk or be

distracted by the solicitor's attempted interaction, thereby leading to a traffic accident or the

solicitor may lose their footing because of the attempted interaction and cause an accident or

sustain injuries themselves.

## §25-267 is Not a Content Based Regulation on Speech

Plaintiff incorrectly argues that the sale, donation and advertising sections of the ordinance are not content based and should be subjected to an intermediate scrutiny standard of review.[1]   Properly construed, §25-267(a) defines as a prohibited solicitor someone who seeks to sell, obtain a donation, or advertise the sale of any thing or service "to any person who operates or occupies a motor vehicle or any kind, which vehicle is engaged in travel on or within any portion of the streets or roadways in the City, whether or not such vehicle is temporarily stopped in the travel lanes of the road." (DE 5-3 at p.3).   Rather than being content based, the provisions are all encompassing and attempt to delineate all manner of interactions between pedestrian solicitors and the drivers and occupants of motor vehicles engaged in traffic.  As set forth in Plaintiff's supplemental memorandum "implicit in plaintiff's allegations concerning their panhandling activities is that they receive donations by hand…." (DE 32 at p.3).   Implicit in §25-267 is that the pedestrian solicitor is attempting to sell something to the occupant of a motor vehicle, obtain a donation from the occupant of a motor vehicle and/or exchange anything else (leaflet, advertising, etc.) by hand with the driver or occupant of a motor vehicle engaged in traffic.

As previously set forth, § 25-267 is identical to the regulation upheld in the *Cosac Foundation, Inc. v. City of Pembroke Pines*, supra.  The regulation attempts to identify every means of interaction between the pedestrian solicitor and the occupants of motor vehicles

---

[1] Throughout Plaintiff's supplemental memorandum they state that the Court should enter a declaration that all or portions of §25-267 are unconstitutional and that the Court should declare the ordinance unconstitutional. See DE 32 at p.5, 7 and 9.  A motion for summary judgment or a motion for judgment on the pleadings has not been filed and instead the motion before the Court is Plaintiff's Motion for Preliminary Injunction.  The Defendant City respectfully submits that the Court should not at this stage of the litigation declare that any City ordinance is unconstitutional.  Instead, the issue is whether the Court will as a preliminary matter enjoin the enforcement of some or all of the challenged regulations.

engaged in travel, whether it involve the sale of merchandise or services, the seeking of donations or the exchange of leaflets or advertising.   Indeed, the regulation is the antithesis of a content based restriction in that it attempts to prohibit every kind of interaction between pedestrian solicitors and the occupants of motor vehicles engaged in travel at the largest and most overburdened roadway segments within the City in an effort to further pedestrian and traffic safety and prevent interruptions in the traffic flow of these already overburdened roadways.   They are narrowly tailored to address the government interests at hand and leave open hundreds of miles of roadways wherein pedestrian solicitors can sell, beg and exchange items with the occupants of passing motor vehicles.

### Application of §25-267(d)

As set forth at the recent hearing, §25-267(d) prohibits signage only where the signage fails to confirm to the requirements of the City's sign code.  Since the sign code deals almost exclusively with signage on private property that can be viewed from the public right of ways, it is difficult to conjure a scenario in which the provision would have any application to the Plaintiffs or other pedestrian solicitors who may be carrying a sign to facilitate their activities. The undersigned counsel is still attempting to obtain authorization to the City to present something to the Plaintiff's and the Court which would address the concerns that Plaintiffs have raised regarding notices to appear or citations which have apparently been issued to other persons.  The undersigned expects to be in a position to accomplish this by Friday, April 30, 2021.

Plaintiff's Supplemental Memorandum raises one subsection of the City's sign code to wit Section 47-22.6(A) which provides that a sign, device, seating arrangement, structure, or

movable object shall not create a traffic or fire hazard or be dangerous to or interfere with the free use of public streets or sidewalks.   None of the reports which involve the arrest or citations given to persons other than the Plaintiff cite this section of the City's sign code.   The provision has never been applied to the Plaintiffs and it is submitted that this Court's subject matter jurisdiction does not extend to the speculative academic exercise that Plaintiffs request.   The Defendant City will supplement this memorandum with a filing on Friday, April 30, 2021 to advise the Court of the undersigned's efforts to eliminate by agreement this issue from the Court's consideration.

Dated: April 28, 2021

Respectfully submitted,

*/s/Michael T. Burke*
MICHAEL T. BURKE
Fla. Bar No. 338771
HUDSON C. GILL
Fla. Bar No. 15274
***Counsel for Defendant***
Johnson, Anselmo, Murdoch,
Burke, Piper & Hochman, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, Florida 33304
Telephone: 954-463-0100
Burke@jambg.com
Cardona@jambg.com
Hgill@jambg.com
Diaz@jambg.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 28th day of April, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.
*Counsel for Defendant*
2455 East Sunrise Boulevard, Ste. 1000
Fort Lauderdale, FL 33304
Telephone: 954-463-0100

                                      BY: */s/Michael T. Burke*
                                          MICHAEL T. BURKE
                                          Fla. Bar No. 338771
                                          HUDSON C. GILL
                                          Fla. Bar No. 15274

## SERVICE LIST

Dante P. Trevisani, Esq.
Ray Taseff, Esq.
Florida Justice Institute, Inc.
P.O. Box 370747
Miami, FL 33137
305-358-2081
DTrevisani@FloridaJusticeInstitute.org
RTaseff@FloridaJusticeInstitute.org

F. Jahra McLawrence
The McLawrence Law Firm
7101 W. Commercial Blvd., Ste. 4A
Tamarac, FL 33319
954-318-1376
info@mclawrencelaw.com

Mara Shlackman
Law Offices of Mara Shlackman, P.L.
757 SE 17th Street
PMB 309
Fort Lauderdale, FL 33316
954-523-1131
mara@shlackmanlaw.com

Michael T. Burke, Esquire
Johnson, Anselmo, Murdoch, Burke,
Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Ste. 1000
Ft. Lauderdale, FL 33304
954-463-0100
Burke@jambg.com
Cardona@jambg.com
Hgill@jambg.com
Diaz@jambg.com