UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-60168-ALTMAN/Hunt

**MARK MESSINA,** *et al.*,

    *Plaintiffs*,

*v.*

**CITY OF FORT LAUDERDALE,
FLORIDA,**
*a Florida municipal corporation*,

    *Defendant*.
_____/

## ORDER

A decade or so ago, the City of Fort Lauderdale (our Defendant) enacted two ordinances that restricted panhandling along certain arterial roads. This case is about whether those Ordinances—which we've called the "Panhandling Ordinance" and the "Right-of-Way Ordinance"—violate the First Amendment, both facially and as applied to our panhandling Plaintiffs, Mark Messina and Bernard McDonald.[1]

Last year, we preliminarily enjoined the City from enforcing those Ordinances.[2] *See* Order Granting Preliminary Injunction [ECF No. 56] (the "Preliminary Injunction Order"). The Plaintiffs have since filed a motion for partial summary judgment [ECF No. 68] (the "MSJ"), in which they seek a *permanent* injunction and a declaration that the Ordinances are unconstitutional.[3] The City, for its

---

[1] While this case was pending, Messina passed away. *See* [ECF No. 89] (the "Motion to Continue Trial") ¶ 1 ("On June 1, 2022, Plaintiffs' counsel learned unexpectedly that Plaintiff Mark Messina died approximately ten days ago.").

[2] The Panhandling Ordinance is codified at § 16-82 of the City Code. The Right-of-Way Ordinance is codified at § 25-267 of the City Code. For full-text versions of the Ordinances, see Appendices A & B. Both Ordinances (and the entire City Code) are also available at https://library.municode.com/fl/fort_lauderdale/codes/code_of_ordinances.

[3] The MSJ is now ripe for resolution. *See* [ECF No. 70] (the "MSJ Response"); [ECF No. 76] (the

1

part, now concedes that the Ordinances are *mostly* unconstitutional, except for that part of the Right-of-Way Ordinance we've called the Hand-to-Hand Transmission Clause. Specifically, "[t]he City does not contest the entry of a declaratory judgment and permanent injunction with respect to the Panhandling Ordinance codified as section 16-82 of the City of Fort Lauderdale Code of Ordinances." MSJ Response at 1–2. "The City also does not contest the entry of a declaratory judgment invalidating, and a permanent injunction enjoining enforcement of, the 'Selling and Advertising or Requesting Donations' and the 'Sign' portions of the Right-of-Way Ordinance." *Id.* at 2 (cleaned up). Without opposition from the City, then, we hereby **DECLARE** the "Selling and Advertising" and "Requesting Donations" clauses of § 25-267(a), and the Sign Provision in § 25-267(d), unconstitutional and now **ENJOIN** the City from enforcing them.[4]

But the Hand-to-Hand Transmission Clause is a different story. That Clause, the City insists, is constitutional and should be severed from the rest of the Ordinance. *See* MSJ Response at 2. In support, the City now submits six pieces of evidence it failed to include in its response to the Plaintiffs' preliminary-injunction motion. *See generally* [ECF No. 72] (the "City's Evidence Appendix"). Having carefully reviewed that evidence—together with the record as a whole—we now conclude that the City has raised a genuine issue of material fact *both* as to whether the Hand-to-Hand Transmission Clause furthers a significant government interest (in traffic safety and traffic reduction) *and* as to whether it leaves open ample alternative channels of communication. *See Smith v. City of Fort Lauderdale*, 177 F.3d 954, 956 (11th Cir. 1999) ("Even in a public forum, the government may 'enforce regulations of the time, place, and manner of expression which [1] are content-neutral, [2] are narrowly tailored to serve a significant government interest, and [3] leave open ample alternative channels of

---

"MSJ Reply").
[4] To be clear, this Order has *no effect* on the provisions the Plaintiffs have *not* challenged—*e.g.*, § 25-267(c) & § 25-267(e).

communication.'" (quoting *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983)). We'll thus resolve these disputed factual issues at trial.

Accordingly, we hereby **ORDER and ADJUDGE** that the Plaintiffs' MSJ [ECF No. 68] is **GRANTED in part** as to those parts of the Ordinances the City doesn't defend and **DENIED in part** as to the Hand-to-Hand Transmission Clause.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 18th day of August 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

## Appendix A

### Sec. 16-82. - Panhandling, begging or solicitation.

(a) Definitions. The following words, terms and phrases, when used in this article, shall have the meanings ascribed to them in this section.

*Aggressive panhandling, begging or solicitation* means:

   (1) Approaching or speaking to a person in such a manner as would cause a reasonable person to believe that the person is being threatened with either imminent bodily injury or the commission of a criminal act upon the person or another person, or upon property in the person's immediate possession;

   (2) Requesting money or something else of value after the person solicited has given a negative response to the initial request;

   (3) Blocking, either individually or as part of a group of persons, the passage of a solicited person;

   (4) Touching a solicited person without explicit permission; or

   (5) Engaging in conduct that would reasonably be construed as intended to intimidate, compel or force a solicited person to accede to demands.

*Panhandling* means:

   (1) Any solicitation made in person requesting an immediate donation of money or other thing of value for oneself or another person or entity; and

   (2) Seeking donations where the person solicited receives an item of little or no monetary value in exchange for a donation, under circumstances where a reasonable person would understand that the transaction is in substance a donation.

   Panhandling does not mean the act of passively standing or sitting, performing music, or singing with a sign or other indication that a donation is being sought, but without any vocal request other than a response to an inquiry by another person.

(b) Prohibited areas of panhandling, begging or solicitation. It shall be unlawful to engage in the act or acts of panhandling, begging or solicitation when either the solicitation or the person being solicited is located in, on, or at any of the following locations:

   (1) Bus stop or any public transportation facility;

   (2) Public transportation vehicle;

   (3) Area within fifteen (15) feet, in any direction, of a sidewalk café[;]

   (4) Parking lot, parking garage, or parking pay station owned or operated by the city;

   (5) Park owned or operated by the city;

   (6) Area within fifteen (15) feet, in any direction, of an automatic teller machine;

   (7) Area within fifteen (15) feet, in any direction, of the entrance or exit of a commercial or governmental building; or

(8) Private property, unless the person panhandling has permission from the owner of such property.

(c) It shall be unlawful to engage in the act of aggressive panhandling in any location in the city.

(d) Penalty. Any person found guilty of violating this section shall, upon conviction, be penalized as provided in section 1-6 of this Code.

# Appendix B

**Sec. 25-267. - Right-of-way solicitors and canvassers.**

(a) *Definition.* The following words, terms and phrases, when used in this article, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

*Right-of-way canvasser or solicitor* shall mean any person who sells or offers for sale anything or service of any kind, or advertises for sale anything or service of any kind, or who seeks any donation of any kind, or who personally hands to or seeks to transmit by hand or receive by hand anything or service of any kind, whether or not payment in exchange is required or requested, to any person who operates or occupies a motor vehicle of any kind, which vehicle is engaged in travel on or within any portion of any of the streets or roadways in the city, whether or not such vehicle is temporarily stopped in the travel lanes of the road.

*Right-of-way* shall have the same definition as provided in section 25-97 of the Code of Ordinances.

(b) *Prohibition of right-of-way canvassers and solicitors.* It shall be unlawful for any person to act as a right-of-way canvasser or solicitor on any portion of a public right-of-way with a functional classification of arterial on the Broward County Highway Functional Classifications Map and a Broward County Metropolitan Planning Organization Roadway 2012 Peak Level of Service (LOS) designation of D, E or F. (See Exhibit "A" following § 25-267)

(c) *Prohibition of storage of goods, merchandise and other materials.* It shall be unlawful for any person to store or exhibit any goods, merchandise or other materials on any portion of the public street, including the median, or bicycle lane.

(d) It is a violation of this section for any right-of-way canvasser or solicitor to hold, carry, possess or use any sign or other device of any kind, within any portion of the public right-of-way contrary to any of the terms and provisions of section 47-22, of the Unified Land Development Regulations.

(e) Nothing in this section shall be construed to apply to:

   (1) Licensees, lessees, franchisees, permittees, employees or contractors of the city, county or state authorized to engage in inspection, construction, repair or maintenance or in making traffic or engineering surveys.

   (2) Any of the following persons while engaged in the performance of their respective occupations: firefighting and rescue personnel, law enforcement personnel, emergency medical services personnel, health care workers or providers, military personnel, civil preparedness personnel, emergency management personnel, solid waste or recycling personnel; public works personnel or public utilities personnel.

   (3) Use of public streets, alleys, sidewalks or other portions of the public right-of-way in areas which have been closed to vehicular traffic for festivals or other events or activities permitted by the city.

(f) Violations of this section shall be punishable as provided in section 1-6 of this Code.